1    HONORABLE RONALD B. LEIGHTON

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
                                AT TACOMA
8

9    MARIE-LOUISE PAUSON,                    CASE NO. C15-5612-RBL

                        Plaintiff,           ORDER GRANTING MOTION FOR
10                                           JUDGMENT ON THE PLEADINGS

11         v.

12   BAYVIEW LOAN SERVICING, LLC,

                        Defendant.
13

14         THIS MATTER is before the Court on Defendant Bayview's Motion for Judgment on the

15   Pleadings. [Dkt. #24] Pro se plaintiff Pauson borrowed $338,000[1] from Washington Mutual in

16   2006. In her original [Dkt. #1] and amended [Dkt. #6] complaints, Pauson claims she rescinded

17   the loan under TILA (15 U.S.C. §1635) in July 2015 (by sending Bayview a certified letter and

18   recording her notice of rescission).

19         Pauson sued Bayview for alleged TILA violations in 2015, while a foreclosure was

20   pending. After a bankruptcy stay, the foreclosure was completed and the case was re-opened.

21

22
     _____

23
           [1] The exact nature of the loan is not clear, though the records suggest that it was a
24   purchase loan.

1   Pauson seeks quiet title based on the rescission, though she implicitly admits she has not

2   tendered the loan proceeds back to her creditor.

3          In her Second Amended Complaint [Dkt. #27-1], Pauson claims that she also rescinded

4   the loan in 2008, by mailing a letter to a Nevada office of her, by then already extinct, original

5   lender, Washington Mutual. [Dkt. #27 -3]

6           Bayview seeks judgment on the pleadings, arguing that Pauson's rescission was untimely

7   and ineffective, that TILA rescission under 15 U.S.C. §1635 does not apply to residential loan

8   transactions, and that she has failed to allege (and cannot allege) that she ever tendered the loan

9   proceeds back to her lender as part of the rescission.

10          Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal

11  theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v.*

12  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege

13  facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct.

14  1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads

15  factual content that allows the court to draw the reasonable inference that the defendant is liable

16  for the misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-

17  pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c)

18  motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State*

19  *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds'

20  of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

21  recitation of the elements of a cause of action will not do. Factual allegations must be enough to

22  raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

23  (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an

24

ORDER GRANTING MOTION FOR JUDGMENT
ON THE PLEADINGS - 2

1  unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing

2  *Twombly*).

3        Although *Iqbal* establishes the standard for deciding a Rule 12(b)(6) motion, Rule 12(c)

4  is "functionally identical" to Rule 12(b)(6) and that "the same standard of review" applies to

5  motions brought under either rule.  *Cafasso, U.S. ex rel. v.  General Dynamics C4 Systems, Inc.*,

6  647 F.3d 1047 (9th Cir. 2011), *citing Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192

7  (9th Cir.1989); *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (applying *Iqbal* to

8  a Rule 12(c) motion).

9        On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to

10  amend the pleading was made, unless it determines that the pleading could not possibly be cured

11  by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242,

12  247 (9th Cir. 1990).  However, where the facts are not in dispute, and the sole issue is whether

13  there is liability as a matter of substantive law, the court may deny leave to amend.  *Albrecht v.*

14  *Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

15        TILA gives borrowers the conditional right to rescind *certain* loans for up to three years

16  after the transaction is consummated.  *See* 15 U.S.C. §1635(f); *Jesinoski v Countrywide Loans,*

17  *Inc.,* 135 S.Ct. 790 (2015). But the *un*conditional right to rescind lasts only three days. 15 U.S.C.

18  §1635(a). The right to rescind is extended only if the lender fails to make disclosures it is

19  required to make under TILA. *See Jesinoski* at 792.

20        Pauson has not alleged in any of her three complaints that Washington Mutual failed to

21  make any required disclosures to her. She did not so claim in either of her rescission notices, and

22  she does not so claim in her response to the Motion. She has not plausibly pled that some

23

24

1  disclosure was not made, or that she had three years to rescind. She only recently even sought to

2  claim that she rescinded within three years; her first two complaints alleged a *nine* year delay.

3      Furthermore, she has not established that she had a right to rescind even in the absence of

4  some required disclosure, because she has repeatedly alleged a residential mortgage transaction.

5  Bayview points out that under 15 U.S.C. §1635(e)(1) and (2), TILA's rescission procedures do

6  not apply to (most) "residential mortgage transactions"—including those used to acquire or

7  construct a residence, or non cash-out re-finance transactions with the same lender. Pauson has

8  not plausibly pled a loan transaction that is within TILA's rescission procedures, even if she was

9  otherwise entitled to rescind, and timely followed those procedures.

10     Pauson's reliance on *Jesinoski* is misplaced, though in the Court's view, that that opinion

11  needlessly invited such reliance. *Jesinoski* addressed whether a rescinding borrower had to file

12  suit within three years of the date the loan was consummated. *See Jesinoski* at 791 ("The

13  question presented is whether a borrower exercises this right by providing written notice to his

14  lender, or whether he must also file a lawsuit before the 3–year period elapses.").

15     It held only that a borrower could meet TILA's three year rescission limitations period by

16  giving notice, and was not required to actually file a lawsuit seeking rescission within that

17  period. *Jesinoski,* 135 S.Ct. at 793; *see also* 15 U.S.C. §1635(f).  *Jesinoski* did not address

18  whether the borrower there even had the right to rescind—it did not address whether the lender

19  failed to make required disclosures, and it did not address the import or impact of Sections

20  1635(e)(1) and (2) on his right to rescind what the court described as a "refinance" loan

21  transaction.

22     Unfortunately for in-default borrowers (and District Courts) everywhere, many read the

23  case as holding that any mortgage borrower has three years to notify her lender that the loan is

24

1   "rescinded" and if she does so (and the lender does not sue within 20 days), that it is the end of

2   the loan, the borrower's obligations, and the lender's interest in the property. But that is not what

3   *Jesinoski* holds, and it patently is not what TILA intended. Such a holding would decimate the

4   mortgage lending industry, and with it the economy.

5          Even  if Pauson had the right to rescind, and even if she timely notified somebody of her

6   intention to do so, nothing in *Jesinoski*  or TILA  excused her from *ever* tendering the loan

7   proceeds back to her lender in order to actually "rescind" the loan transaction. *See In Re Brown*,

8   538 B.R. 714, 718 (Bankr. E.D. Va. 2015).

9          There are other flaws in Pauson's rescission/quiet title claim, including the fact that the

10  property has already been sold at foreclosure. In any event, Pauson's rescission claim is not

11  plausible, and there is nothing she could possibly add or alter to state a viable claim. Bayview's

12  motion for judgment on the pleadings is therefore GRANTED, and Pauson's claims against it are

13  DISMISSED with prejudice and without leave to amend.

14         IT IS SO ORDERED.

15      Dated this 30th day of August, 2016.

16

17      _____

18      Ronald B. Leighton
        United States District Judge

19

20

21

22

23

24

ORDER GRANTING MOTION FOR JUDGMENT
ON THE PLEADINGS - 5