HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARIE-LOUISE PAUSON,<br><br>    Plaintiff,<br><br>  v.<br><br>BAYVIEW LOAN SERVICING, LLC,<br><br>    Defendant. | CASE NO. C15-5612-RBL<br><br>ORDER DENYING MOTION TO ALTER OR AMEND |

THIS MATTER is before the Court on Plaintiff Pauson's Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59. [Dkt. #36]

Pauson does not identify the basis for her Motion for a new trial, but this case was dismissed without a trial, and the Rule applicable to "new trials" (Rule 59) presupposes that there has already been a trial. Even if the Court considers the Motion as a request for relief from judgment under Rule 60, Pauson must demonstrate that the judgment was the result of "mistake, inadvertence, surprise or excusable neglect," or that she has identified "newly discovered evidence.

The Court will treat instead the Motion as one for Reconsideration of the Order [Dkt. #35] granting Defendants' Motion for Judgment on the Pleadings [Dkt. 24] Under Local Rule 7,

Motions for Reconsideration are disfavored, and will ordinarily be denied, absent a showing of manifest error or a new factual or legal basis which could not have been raised earlier. LCR 7(h).

Pauson's Motion is based on her continued claim that she rescinded her loan by mailing a document to that effect in 2008 (or 2015, as she claimed in her initial complaint). Pauson denies that the only defendant she sued—Bayview—is the real party in interest, and claims that it cannot argue that that her rescission notice was not effective, although that notice is the only basis for her claims against it. There is no legal or logical support for this claim.

The substantive claim in Pauson's motion is that the Court's Order fails follow *Jesinoski v Countrywide Loans, Inc.,* 135 S.Ct. 790 (2015)—precedent that is clearly binding on this District Court. But *Jesinoski* held only that a borrower had three years to notify the lender of the rescission (and that she need not file suit within that three year period in order to beat the time limit). It did hold that once she sent the notice of rescission, the loan is terminated if the lender does not act in 20 days. It does not hold that the lender must sue her to stop the rescission or to get its money back, and if it does not she can simply treat the loan as terminated and sue eight years later to quiet title or stop a pending foreclosure. That is not the law, and it is not what *Jesinoski,* or TILA, actually says.

The Motion is DENIED.

IT IS SO ORDERED.

Dated this 15th day of September, 2016.

Ronald B. Leighton
United States District Judge